# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>70 Sam Allen Road, Sanford, ME 04073 |
| Lauryn Elizabeth O`Connor and Timothy P. O`Connor | Mortgage:<br>March 28, 2003<br>Book 12683, Page 209 |
| **Defendants**<br>York County Federal Credit Union | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in which the Defendant, Timothy P. O`Connor, is the obligor and the total amount owed under the terms of the Note is One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust is a corporation with its principal place of business located at c/o Pretium Mortgage Credit Management, 120 South Sixth Street, #2100, Minneapolis, MN 55402.

5. The Defendant, Lauryn Elizabeth O`Connor, (who did not sign the note and therefore has no personal liability in this matter) is a resident of Springvale, County of York and State of Maine.

6. The Defendant, Timothy P. O`Connor, is a resident of Sanford, County of York and State of Maine.

7. The Party-in-Interest, York County Federal Credit Union, is located at 1516 Main Street, Sanford, ME 04073.

## FACTS

8. On March 28, 2003, by virtue of a Warranty Deed from Jeffrey A. Doody, which is recorded in the York County Registry of Deeds in **Book 12683, Page 192**, the property situated at 70 Sam Allen Road, City/Town of Sanford, County of York, and State of Maine, was conveyed to Timothy P. O`Connor and Lauryn Elizabeth O`Connor, as joint tenants being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On March 28, 2003, Defendant, Timothy P. O`Connor, executed and delivered to Downeast Mortgage Corporation a certain Note under seal in the amount of $95,000.00. **Since she did not sign the Note, Lauryn Elizabeth O'Connor has no personal liability in this matter.** *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on March 28, 2003, Defendants, Timothy P. O`Connor, individually and as conservator for Lauryn Elizabeth O'Connor executed a Mortgage Deed in favor of Downeast Mortgage Corporation, securing the property located at 70 Sam Allen Road, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 12683**, **Page 194**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Washington Mutual Bank, FA by virtue of an Assignment of Mortgage dated March 28, 2003 and recorded in the York County Registry of Deeds in **Book 12712**, **Page 060**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated February 26, 2014 and recorded in the York County Registry of Deeds in **Book 16783**, **Page 722**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 15, 2015 and recorded in the York County Registry of Deeds in **Book 17036**, **Page 391**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated February 18, 2016 and recorded in the York County Registry of Deeds in **Book 17279**, **Page 782**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated February 21, 2018 and recorded in the York County Registry of Deeds in **Book 17695**, **Page 219**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated February 21, 2018 and recorded in the York County Registry of Deeds in **Book 17695**, **Page 221**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 1, 2019 and recorded in the York County Registry

of Deeds in **Book 18081**, **Page 175**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated October 16, 2019 and recorded in the York County Registry of Deeds in **Book 18081**, **Page 176**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On March 15, 2021, the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

21. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. York County Federal Credit Union is a Party-in-Interest pursuant to a Mortgage in the amount of $60,000.00 dated May 2, 2007, and recorded in the York County Registry of Deeds in **Book 15193**, **Page 245** and is in second position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of May 7, 2021 is One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $69,095.16 |
| Interest | $19,911.70 |
| Escrow Advance | $20,005.36 |
| Corporate Advance Balance | $2,126.00 |
| Grand Total | $111,138.22 |

27. Upon information and belief, the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 70 Sam Allen Road, Sanford, County of York, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note (Since she did not sign the Note, Lauryn Elizabeth O'Connor does not have any personal liability for this debt.).

33. The total debt owed under the Note and Mortgage as of May 7, 2021 is One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, which includes:

| Description | Amount |
| --- | ---: |
| Principal Balance | $69,095.16 |
| Interest | $19,911.70 |
| Escrow Advance | $20,005.36 |
| Corporate Advance Balance | $2,126.00 |
| Grand Total | $111,138.22 |

34. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, on March 15, 2021, evidenced by the Certificate of Mailing. *See* Exhibit L.

37. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are not in the Military as evidenced by the attached Exhibit M.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On March 28, 2003, the Defendant, Timothy P. O`Connor, executed under seal and delivered to Downeast Mortgage Corporation a certain Note in the amount of $95,000.00. *See* Exhibit B.

40. The Defendant, Timothy P. O`Connor, is in default for failure to properly tender the January 1, 2016 payment and all subsequent payments. *See* Exhibit L.

41. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Timothy P. O`Connor (Since Lauryn Elizabeth O'Connor did not sign the Note she has no personal liability in this matter.).

42. The Defendant, Timothy P. O`Connor, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant Timothy P. O`Connor's breach is knowing, willful, and continuing.

44. The Defendant Timothy P. O`Connor's breach has caused Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of May 7, 2021, if no payments are made, is One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $69,095.16 |
| Interest | $19,911.70 |
| Escrow Advance | $20,005.36 |
| Corporate Advance Balance | $2,126.00 |

| | |
|---|---:|
| Grand Total | $111,138.22 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendant, Timothy P. O`Connor, entered into a written contract with Downeast Mortgage Corporation who agreed to loan the amount of $95,000.00 to the Defendant. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Timothy P. O`Connor, individually and as Conservator for Lauryn Elizabeth O'Connor executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of the Note and successor-in-interest to Downeast Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

51. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2016 payment and all subsequent payments. **Since she did not sign the Note, Lauryn Elizabeth O'Connor has no personal liability in this matter.** *See* Exhibit L.

52. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the proper holder of

the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Timothy P. O`Connor.

53. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust in the sum of One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, for money lent by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to the Defendants.

55. Defendants Lauryn Elizabeth O`Connor and Timothy P. O`Connor's breach is knowing, willful, and continuing.

56. Defendants Lauryn Elizabeth O`Connor and Timothy P. O`Connor's breach has caused Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of May 7, 2021, if no payments are made, is One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $69,095.16 |
| Interest | $19,911.70 |
| Escrow Advance | $20,005.36 |
| Corporate Advance Balance | $2,126.00 |
| Grand Total | $111,138.22 |

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Downeast Mortgage Corporation, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned Defendant, Timothy P. O`Connor, $95,000.00. *See* Exhibit B.

61. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are in default for failure to properly tender the January 1, 2016 payment and all subsequent payments. *See* Exhibit J.

62. As a result of the Defendants Lauryn Elizabeth O`Connor and Timothy P. O`Connor's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust (Since she did not sign the Note, Lauryn Elizabeth O'Connor does not have any personal liability in this matter.).

63. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

64. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Downeast Mortgage Corporation, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, loaned the Defendant, Timothy P. O`Connor, $95,000.00. *See* Exhibit B.

66. The Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, have failed to repay the loan obligation (Since she did not sign the Note Lauryn Elizabeth O'Connor has no personal liability in this matter.).

67. As a result, the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, have been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust as successor-in-interest to Downeast Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Timothy P. O`Connor, is in breach of the Note by failing to make payment due as of January 1, 2016, and all subsequent payments;

d) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are in breach of the Mortgage by failing to make payment due as of January 1, 2016, and all subsequent payments;

e) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, to restitution;

j) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are liable to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, for money had and received;

k) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is entitled to restitution for this benefit from the Defendants, Lauryn Elizabeth O`Connor and Timothy P. O`Connor;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Lauryn Elizabeth O`Connor (who will have no personal liability in this matter) and Timothy P. O`Connor, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in the amount of One Hundred Eleven Thousand One Hundred Thirty-Eight and 22/100 ($111,138.22) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,

By its attorneys,

Dated: June 14, 2021

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com